Filed 9/16/14  P. v Rogers CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C075447 |
| Plaintiff and Respondent, | (Super. Ct. No. 13F01038) |
| v. | |
| DARREN M. ROGERS, | |
| Defendant and Appellant. | |

Defendant Darren M. Rogers pleaded no contest to unlawfully taking or driving a vehicle and felony evading a police officer.  He also admitted he had sustained a prior serious felony conviction and served a prior prison term.  The trial court denied defendant's *Romero*[1] motion to strike his prior serious felony conviction and sentenced him to the agreed maximum term of eight years four months in state prison.

---

[1] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).

1

On appeal, defendant contends the trial court abused its discretion in denying his *Romero* motion. We affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 9, 2012, Officer Christopher Shippen saw defendant driving a stolen vehicle. He attempted to stop the vehicle and defendant accelerated away at a high rate of speed and ran several stop signs with Shippen in pursuit. After running a stop sign on Rio Linda Boulevard, defendant crashed into a vehicle driven by Sophia Castillo, causing major damage to both vehicles. Defendant then fled the scene on foot. Officer Shippen eventually apprehended and arrested defendant.

A complaint deemed an information charged defendant with unlawful taking or driving a vehicle (Veh. Code, § 10851, subd. (a)) and evading a peace officer (*id.*, § 2800.2, subd. (a)). The information also alleged defendant had a prior strike conviction (Pen. Code, §§ 667, subds. (b)-(i), 1170.12)[2] and had served two prior prison terms (§ 667.5, subd. (b)). Defendant pleaded no contest to the unlawful taking or driving a vehicle and evading a peace officer. As to the evasion, defendant admitted he had driven with willful and wanton disregard for the safety of persons and property. Defendant also admitted he had sustained one prior strike conviction and served a prior prison term.

Before sentencing, defendant filed a *Romero* motion to strike his prior conviction under the "Three Strikes" law. At the hearing, defendant argued that other than the strike, he had no convictions involving violence or weapons. His record reflected convictions for theft and drug possession, but no serious or violent offenses. He claimed all of his problems arose from his drug use and assured the court he would no longer be using drugs. His current offense was nonviolent and not serious. He contended that without the strike, he would be sentenced to a term of five years four months for the

---

[2] Undesignated statutory references are to the Penal Code.

2

offense he committed, which would be a just sentence. He acknowledged that he could have injured someone badly by committing the current offense, but argued no one was in fact injured. He also argued that the prior strike conviction (in 1990) was remote in time.

The People, in turn, noted defendant's strike offense was an assault on a police officer. The People also pointed to defendant's seven felony convictions since 1990 and his multiple misdemeanors, one of which was an assault charge. He also had a prior conviction for evading a peace officer. As to the current offense, defendant was driving 75 miles per hour in a residential district, in the middle of the day, and "T-boned" another driver, totaling both cars. The People concluded defendant fell squarely within the spirit of the Three Strikes law.

The probation report noted defendant's record reflected eight prior felony convictions, including four vehicle theft convictions (Veh. Code, § 10851), two drug possession convictions (Health & Saf., § 11377, subd. (a)), another conviction for willfully and wantonly evading a peace officer (Veh. Code, § 2800.2), and an assault (Pen. Code, § 245, subd. (b)). His most recent felony conviction was sustained in April 2012. Defendant was on probation for that conviction at the time he committed the current offense. His record also reflected 11 misdemeanor convictions, including convictions for theft, assault, drug possession, and multiple convictions for driving without a license. Defendant's prior strike conviction occurred when defendant and his mother arrived at the home of a suspected drug dealer while officers were conducting a search. An officer approached defendant and ordered him out of the car. Defendant started his engine and attempted to drive away. The officer partially climbed into the car and turned the engine off. Defendant restarted the engine and moved the car in reverse, then abruptly stopped the car. The officer fell out of the car. Additional officers responded and defendant turned, then accelerated in an apparent attempt to strike an officer. The officers fired at defendant as he successfully escaped. Defendant was later

found hiding in a nearby backyard. The report also noted defendant reported he started using methamphetamine when he was 13 years old and, at the time of the offense, was using daily.

The trial court acknowledged the difficulty of drug problems. The court also noted defendant's criminal record and that he had not led a legally blameless life for any significant period of time since his strike conviction. Rather, there was "crime after crime after crime after crime, conviction, conviction, conviction, conviction." Defendant was repeatedly incarcerated from the 1980's until his arrest in the current case. Accordingly, the court found defendant did not fall outside the spirit of the Three Strikes law and denied defendant's *Romero* motion. The trial court sentenced defendant to an aggregate term of eight years four months in state prison.

## DISCUSSION

A trial court has the discretion to strike a prior serious felony conviction for purposes of sentencing only if the defendant falls outside the spirit of the Three Strikes law. (§ 1385; *People v. Williams* (1998) 17 Cal.4th 148, 161; *Romero*, *supra*, 13 Cal.4th at pp. 529-530.) In deciding whether to do so, the court "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*Williams*, at p. 161.)

A trial court's ruling on a motion to strike a prior strike is reviewed for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 375.) Defendant has the burden of establishing that a trial court's denial of such a motion was arbitrary or irrational, such as where the trial court was not aware of its discretion, considered impermissible factors,

4

or imposed a sentence that is absurd under the particular facts of the case. (*Id*. at pp. 376-377.)

Defendant's arguments on appeal largely restate the claims he made in the trial court. He contends the trial court abused its discretion in refusing to strike a prior serious felony conviction because his strike offense was remote in time, "almost 24 years" earlier. He argues current offenses involved the same course of conduct and no violence, and none of his intervening convictions involved violence. Defendant also argues his long history of substance abuse should mitigate in his favor and that, without the prior strikes against him, his potential sentence of five years eight months in prison would have been a more just punishment. Defendant also contends the trial court did not properly consider the remoteness of his prior strike, the nature and circumstances of the present offense, the lack of violence in his intervening criminal history, the effect of drugs on his criminal history, and the appropriate punishment for his current offense.

The record here does not affirmatively demonstrate the trial court failed to consider all the relevant factors in ruling on defendant's *Romero* motion. Those factors, and the specific claims defendant now makes, were thoroughly covered in the briefs filed by the parties below and in oral argument before the trial court. Thus, we can presume the court was aware of the factors it was required to consider. Contrary to defendant's suggestion, the court's comments focusing on defendant's criminal record do not affirmatively demonstrate the court considered only that factor in ruling on the motion. Defendant had four prior convictions for vehicle theft and a prior conviction for evading a peace officer. His strike conviction also arose in the context of his attempt to evade arrest and escape from police officers. Defendant has demonstrated an ongoing pattern of criminal behavior that puts people at risk on the roadways in his attempts to escape responsibility for his actions. There is no basis for us to conclude the court did not

appreciate the scope of its discretion and failed to properly exercise it in denying the *Romero* motion.

Defendant argues that had the trial court dismissed a strike, he still would have been subject to a term of nearly six years in prison, which would have served the "furtherance of justice." By his own admission, defendant puts people's lives at risk of death or great injury by driving at high speeds to evade the officers pursuing him. Defendant was 45 years old at the time of sentencing, and between 1989 and 2012, managed to be convicted of eight felonies and 11 misdemeanors, while for much of that time being incarcerated.

On the record before it, the trial court's decision was neither arbitrary nor irrational. We find no abuse of discretion.

## DISPOSITION

The judgment is affirmed.

                                                    BUTZ                    , Acting P. J.

We concur:


        MAURO            , J.


        DUARTE          , J.


6